**In re: Gary M. MILLER, Debtor**

**Gary M. Miller, Appellant**

**v.**

**Okmi Sul a/k/a Okmi Garner**

**Ronda J. Winnecour, Esq., Trustee**

**No. 01–2799.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) July 12, 2002.

Filed: Aug. 6, 2002.

Michael J. Graml, Erie, PA, for Appellant.

Craig A. Markham, Elderkin, Martin, Kelly & Messina, Erie, PA, for Appellee.

Before: SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge *.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from an order entered by the district court on June 7, 2001, in accordance with its accompanying memorandum opinion affirming an order of the bankruptcy court entered September 14, 2000, in a bankruptcy proceeding involving the estate of Gary M. Miller, the debtor, who filed for protection under Chapter 13 of the Bankruptcy Code on November 4, 1999. Miller's assets include his home at 311 Crescent Drive, Erie, Pennsylvania, in which he owns an undivided, one-half interest as a joint tenant with Ms. Kum Pierce who is not a party to the bankruptcy and to whom he is not married. The

---

* Honorable John P. Fullam, Senior Judge of the United States District Court for the East-ern District of Pennsylvania, sitting by designation.

undisputed estimated market value of the residence is $100,000.00, but there is an outstanding mortgage balance of $74,703.92 on the premises. Miller claims an exemption of $8,075.00 in the residence under 11 U.S.C. § 522(d)(1), a figure which is not in dispute.

On June 24, 1999, appellee Okmi Sul obtained a judgment against Miller in the Court of Common Pleas of Erie County, Pennsylvania, for of $57,768.31.[1] Following the filing of his Chapter 13 petition, Miller filed a motion seeking to avoid this lien in its entirety under 11 U.S.C. § 522(f)(1)(A), which authorizes the avoidance of certain judicial liens "to the extent that such lien impairs an exemption to which the debtor would have been entitled." The bankruptcy court determined that the lien impaired the exemption only in part and that $4,573.00 of the lien was unavoidable. On Miller's appeal the district court affirmed and he now has appealed to this court.[2]

 Miller asserts that the judgment lien impairs his exemption and is therefore avoidable in its entirety under 11 U.S.C. § 522(f)(1)(A).[3] However, according to Sul, additional equity remains to which her lien may attach even after Miller's exemption is allowed in full. Thus, we must determine how to value Miller's interest in a residence that he owns jointly with a non-debtor.

 Section 522(f)(2)(A) sets forth the following formula to determine the extent that an avoidable lien impairs an exemption:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Miller contends that, under the plain meaning of the statute, the proper calculation should be:

| | |
|---|---:|
| the judgment lien | $ 57,768.31 |
| the entire mortgage balance | 74,703.92 |
| Debtor's exemption | 8,075.00 |
| | $140,547.23 |

Inasmuch as this total exceeds what would be the value of Miller's interest in the property absent any liens, $50,000, by $90,547.23, he argues that the judgment lien must be avoided entirely.

Miller's calculations, however, do not take into account with respect to the amount of "all other liens on the property" the circumstance that he owns the residence jointly with Pierce so that the mortgage encumbers both joint tenants' interests in the property, not merely Miller's. In fact, the value of the entire property, $100,000.00, less the amount of the mortgage debt, $74,703.92, leaves $25,296.08 in equity. Thus, as a co-owner, Miller's

---

1. In this opinion we are using the numbers used by the bankruptcy and district courts. The actual amounts might be different now and Sul points out that her judgment had been increased by post-judgment interest and costs before Miller filed his Chapter 13 petition. We also note that there are slight discrepancies on which we will not dwell involving mere pennies.

2. The district court had jurisdiction pursuant to 28 U.S.C. § 158(a), and we have jurisdiction under 28 U.S.C. §§ 158(d) and 1291.

3. We are exercising plenary review as the issue on this appeal raises a question of law. *See In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir.1999).

share of the equity is $12,648.04. Subtracting Miller's $8,075.00 exemption from his share of the equity leaves a surplus of $4,573.04 to which the judgment lien may attach.

The foregoing result would be reached if Miller's calculations are modified by using in the formula the portion of the debt the mortgage secures attributable to Miller's share of the property, $37,351.96, in place of the total debt secured by the mortgage, $74,703.92.[4] Then the total of (i)(ii) and (iii) under section 522(f)(2)(A) would be $103,195.27. That sum, $103,195.27, would exceed the value of Miller's interest in the property in the absence of any liens, $50,000, by $53,195.27, so that the lien would impair the exemption to that extent. Therefore the lien would not impair the exemption to the extent that the amount of the lien, $57,768.31 exceeds $53,195.27, i.e., $4,573.04.

We have not yet addressed the issue this appeal raises and we note that there is a division of authority on the point. The Bankruptcy Appellate Panel of the Tenth Circuit has adopted Miller's approach, focusing on the literal meaning of the statute, in *In re Cozad*, 208 B.R. 495 (10th Cir. B.A.P. 1997). *See also In re Piersol*, 244 B.R. 309 (Bankr.E.D.Pa.2000). However, the Courts of Appeals for the First and Eleventh Circuits and the Bankruptcy Appellate Panel of the Ninth Circuit follow the approach Sul advances as they have concluded that a literal application of section 522(f)(2)(A) would lead to an absurd result when a debtor owns property jointly with a non-debtor. *See In re Lehman*, 205 F.3d 1255 (11th Cir.2000); *Nelson v. Sca-*

*la*, 192 F.3d 32 (1st Cir.1999); *In re Nielsen*, 197 B.R. 665 (9th Cir. B.A.P. 1996). *See also In re Ware*, 274 B.R. 206 (Bankr. D.S.C.2001); *In re Abrahimzadeh*, 162 B.R. 676 (Bankr.D.N.J.1994).

We conclude, consistently with the majority of the courts addressing the issue, that what might be characterized as a literal application of section 522(f)(2)(A), in particular section 522(f)(2)(A)(ii), produces an illogical result where a debtor owns property jointly with a non-debtor. It is illogical to net the total outstanding secured debt balance attributable to both a debtor and his joint tenant against the debtor's one-half interest in the property alone because Congress could not have intended that a debtor benefit under section 522(f)(2)(A) by the use of what realistically should be regarded as someone else's debt even if the debtor may be liable personally to the creditor for the entire debt. Such a mechanical application of section 522(f)(2)(A) would provide a windfall to the debtor at the expense of a secured creditor.

■ In our view, the correct approach is to view the debtor as owning one half of the property to which one half of the mortgage debt is thus attributable and therefore to regard "property" in subsection (ii) to mean the debtor's interest in the property and then to allocate the lien among the interests in the property proportionately. In this case, inasmuch as Miller has a one-half interest in the property, one half of the lien should be allocated to him. In reaching our result we are in agreement with the Court of Appeals for the Eleventh

---

**4.** As the bankruptcy court stated, under the statutory language:

 (i) the 'lien' is the $57,768 judgment against the Debtor's $50,000 one-half interest, and

 (ii) 'all other liens on the property' is one-half of the $74,703 mortgage, because

 (1) 'property' means the property of the Debtor (the $50,000 half interest), and (2) 'all other liens on the property' means one half of the $74,703 mortgage ($37,-351) . . . .

Mem. Op. at 6.

Circuit which in *Lehman* explained that the similar result that it was reaching there was correct because "a literal interpretation [of section 522(f)(2)(A)] would disserve the legislative intent behind the provision" and "would produce an absurd result and would violate the Congressional intent." *Lehman*, 205 F.3d at 1257–58.

For the foregoing reasons we will affirm the order of June 7, 2001.