**In re Danna STECK, Debtor.**

No. 00–39977 (NLW).

United States Bankruptcy Court,
D. New Jersey.

Sept. 9, 2003.

Paul Pflumm, Esq., Middlebrooks & Shapiro, PC, Roseland, NJ, for the Debtor.

Dimitri L. Karapelou, Esq., Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, for WAMCO XXV, Ltd.

## OPINION

NOVALYN L. WINFIELD,
Bankruptcy Judge.

This matter was brought before the Court by Danna Steck ("Debtor") on a motion to reduce or modify the secured proof of claim filed by WAMCO XXV, Ltd. ("WAMCO"), a judgment creditor of the Debtor. The Debtor also requested relief from certain portions of a consent order to which she and WAMCO had agreed. On the return date of the motion it became apparent that the Debtor was contending that WAMCO was not a secured creditor because its judgment lien could be avoided either pursuant to Bankruptcy Code § 544 or § 522(f). The Court required supplemental briefs from both parties, and after considering the matter, concludes that the Debtor may largely avoid WAMCO's lien pursuant to § 522(f).

The Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K). The following constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

On September 20, 1991 the Debtor and her spouse, William Steck, executed a note in favor of WAMCO's predecessor-in-interest, United Jersey Bank. The Debtor and William Steck also executed a mortgage on commercial real property in South Orange, New Jersey to collateralize the note. Upon default in payments, WAMCO commenced suit on the note in the Superior Court of the State of New Jersey, Essex County. A default judgment was entered in favor of WAMCO in the amount of $320,363.47, on August 3, 1999. WAMCO forwarded the judgment to the Clerk of the Superior Court for docketing, so that the judgment would become a lien against all real property owned by Danna Steck and William Steck in the State of New Jersey. The judgment was recorded, and became a lien on real property, as of September 8, 1999.

On October 10, 2000, the Debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code. Among the assets listed by the Debtor were her personal residence in West Orange, and the commercial property in South Orange. The Debtor claimed her full homestead exemption as to the West Orange property. WAMCO was listed as a secured creditor, holding a mortgage on the South Orange property. No indication was given in the schedules or statement of financial affairs that WAMCO was a judgment creditor. Subsequently, in November 2001, the Debtor filed an amended petition which disclosed in the Statement of Financial Affairs, the existence of the suit by WAMCO in the New Jersey Superior Court. The amended petition did not change the amount of the homestead exemption or the

designation of WAMCO as a secured creditor, whose security consisted of a mortgage on the South Orange property.

In December 2000, WAMCO moved for relief from the automatic stay, principally to pursue its remedies with regard to the South Orange property. The parties engaged in negotiations with regard to the WAMCO motion and on March 15, 2001, the Court signed a consent order under which, inter alia, WAMCO was permitted to enforce its rights with regard to the South Orange property, and the parties agreed that the plan payments to the Chapter 13 Trustee constituted adequate protection for WAMCO's claim. WAMCO also filed a proof of claim for $371,506.80, asserting that its claim was secured by the Debtor's real property.

Shortly after the Debtor's Chapter 13 case was commenced, William Steck filed a Chapter 7 case on October 25, 2000. As part of the administration of his case the Chapter 7 trustee sold the South Orange property. As a result of that sale WAMCO received $176,630.08. The Chapter 7 Trustee also remitted to WAMCO the sum of $20,789.37, on account of rents which he collected. Consequently, on January 6, 2003, WAMCO amended its secured proof of claim to reflect an amount of $225,221.51. There are only two other secured proofs of claim filed in this case. National City Mortgage, which holds the mortgage on the West Orange property, filed a claim for $200,103.65. The Internal Revenue Service filed a claim which includes a secured component of $32,624.53.

The Debtor has now filed the instant motion to reduce or modify WAMCO's secured claim, and to modify the consent order to reflect that the plan payments do not constitute adequate protection for WAMCO. The Debtor did not set forth any statutory basis for the relief sought. The primary arguments made were (i) WAMCO never levied on her real property and (ii) that she never gave WAMCO a mortgage on her West Orange property. WAMCO opposed the Debtor's motion on the ground that its pre-petition judgment lien gave it the status of a secured creditor with regard to the West Orange property, and that it is entitled to the adequate protection provided by the consent order because it is a secured creditor. At the hearing on her motion the Debtor claimed that she could avoid WAMCO's lien by utilizing § 544 or § 522(f) of the Bankruptcy Code. Both parties filed supplemental briefs on this issue, and the Court's decision is set forth below.

### DISCUSSION

To resolve the Debtor's motion, two issues must be addressed by the Court: (i) whether the Debtor may use Bankruptcy Code § 544 to avoid the WAMCO lien, and (ii) if not, whether the WAMCO lien may be avoided pursuant to Bankruptcy Code § 522(f).

 Bankruptcy Code § 544 contains the so-called "strong arm" powers of the trustee. Pursuant to § 544(a)(2) the trustee has the status of a creditor possessing an unsatisfied execution, and thereby occupies the priority position of the ideal lien creditor. With regard to priority over other judgement creditors, the full scope of the trustee's § 544(a)(2) power is only ascertainable by reference to state law.[1] Under New Jersey law, "[i]rrespective of when a judgment creditor obtains or dockets a judgment, the creditor who levies first has priority over all nonlevying judg-

---

1. State law defines a party's interest in property. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

ment creditors." *New Brunswick Sav. Bank v. Markouski,* 123 N.J. 402, 413, 587 A.2d 1265, 1270 (1991); *See also, In re Blease,* 605 F.2d 97, 100 (3d Cir.1979); *In re Feldman,* 54 B.R. 659, 660 (Bankr. D.N.J.1985). Applying these legal precepts, the Debtor argues that because WAMCO did not levy on her West Orange property prior to the petition date, she may employ § 544 to avoid the WAMCO lien.

■ The Debtor acknowledges that there is a split of authority regarding the standing of a Chapter 13 debtor to exercise the trustee's avoidance powers, but urges the Court to follow those cases that find that the debtor may use the trustee's powers. *See Thacker v. United Cos. Lending Corp.,* 256 B.R. 724 (W.D.Ky.2000); *In re Freeman,* 72 B.R. 850 (Bankr.E.D.Va. 1987); *In re Ottaviano,* 68 B.R. 238 (Bankr.D.Conn.1986); *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985). The Debtor further contends that if the Court finds that she does not independently have standing to utilize the trustee's § 544 power, she may nonetheless achieve the same result under § 522(h) which grants a debtor limited use of a trustee's avoidance powers.

WAMCO requests that the Court follow the line of case authority that finds that the Bankruptcy Code does not generally confer upon a Chapter 13 debtor the power to use a trustee's avoidance powers. *See In re Merrifield,* 214 B.R. 362 (8th Cir.BAP1997); *In re Wilkinson,* 186 B.R. 186 (Bankr.D.Md.1995); *In re Redditt,* 146 B.R. 693 (Bankr.S.D.Miss.1992); *In re Perry,* 131 B.R. 763 (Bankr.D.Mass.1991); *In re Bruce,* 96 B.R. 717 (Bankr.W.D.Tex. 1989). Moreover, WAMCO argues that to the extent the Debtor seeks to avoid its lien under § 522(f), the Debtor's mathematical computations are incorrect. WAMCO contends that its lien does not affect the Debtor's claimed exemption, and its lien cannot be avoided. Finally, although not supported by any citation to authority, WAMCO argues that courts have held that for purposes of determining exemption impairment, the value of a debtor's residence is determined as of the confirmation date, rather than the petition date.

■ On the issue of whether a Chapter 13 debtor is generally authorized to utilize the trustee's avoidance powers, the Court finds that the cases relied upon by WAMCO are persuasive. These cases apply a straightforward analysis of the language and structure of the Bankruptcy Code, which is in keeping with the directive that where "the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Similarly, this approach is also consistent with the analysis utilized in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6–7, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), which looked to the overall statutory context to determine that the trustee is the sole party who may invoke § 506(c).

Under § 103(a) the provisions of Chapters 1, 3, and 5, apply to cases commenced under Chapters 7, 11, 12 or 13. 11 U.S.C. § 103(a). Therefore, like a trustee appointed under one of the other chapters, a Chapter 13 trustee is empowered to use all of the avoidance powers granted to trustees in Chapter 5 of the Bankruptcy Code. Additionally, Congress conferred the avoidance powers upon debtors in possession in Chapter 11 and Chapter 12 cases. *See* § 1107(a) and § 1203. By contrast, § 1303 does not grant any of the trustee's avoidance powers to the Chapter 13 debt-

or. Rather, § 1303 simply provides the debtor with "... the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." 11 U.S.C. § 1303. After reviewing the language of each of the foregoing statutory sections, the Court in *Bruce* concluded that by the statute's own terms, only the Chapter 13 Trustee has standing to exercise the avoidance powers in a Chapter 13 case. 96 B.R. at 721. This Court concurs.

Additionally, support for the conclusion that Congress did not generally confer the trustee's avoidance powers on Chapter 13 debtors can be found in the existence of § 522(h), which permits debtors to avoid an involuntary transfer of exempt property if a trustee can do so, but has not attempted to avoid the transfer.[2] Given the lack of any general authorization in § 1303, and the limited authorization set forth in § 522(h), it is reasonable to infer that Congress specifically intended to limit the ability of Chapter 13 debtors to employ the avoidance powers.

█ It is certainly true that, as a practical matter, the debtor rather than the Chapter 13 trustee is the more appropriate party to pursue avoidance actions. As the Court in *Einoder* observed, "... it is also clear that in Chapter 13 cases the trustee rarely, if ever, pursues such actions because the trustee reaps little benefit for the amount of time and effort involved ..." 55 B.R. at 322. The Debtor also contends that because Chapter 13 debtors are intimately familiar with the facts of their cases they are better situated to undertake avoidance litigation. These are strong policy arguments. However, "... the bankruptcy court cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments." *In re Columbia Gas Systems, Inc.,* 33 F.3d 294, 302 (3d Cir. 1994). Thus, the Court must decline the Debtor's invitation to read § 1303 and § 544 in a manner that is inconsistent with its plain language.

█ Of course, the Debtor may still seek relief under § 522(h). The Fifth and Ninth Circuits permit a debtor to avoid a transfer of exempt property under § 522(h) if: (i) the transfer was not a voluntary transfer of property by the debtor; (ii) the debtor did not conceal the property; (iii) the trustee did not attempt to avoid the transfer; (iv) the transferred property is of a kind that the debtor would have been able to exempt from the estate if the trustee had avoided the transfer under § 522(g); and (v) the debtor seeks to exercise one of the trustee's avoidance powers enumerated in § 522(h). *In re Hamilton,* 125 F.3d 292, 297 (5th Cir. 1997); *DeMarah v. United States (In re DeMarah),* 62 F.3d 1248, 1250 (9th Cir. 1995).

Applying this five-part test to this case the Court finds that it is indisputable that the Debtor satisfies all five prongs of the test. The WAMCO lien is an involuntary judicial lien that arose by operation of law upon the docketing of the state court judgment. The Debtor listed the West Orange Property in her schedules accompanying her petition. The Chapter 13 Trustee has

---

**2.** Section 522(h) provides that:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

made no attempt to avoid the WAMCO lien, and the judgment became a lien on the Debtor's residence, on which the Debtor is entitled to a homestead exemption. Finally, the Debtor seeks to utilize § 544 to avoid the lien's impairment of her exemption.

However, the Debtor's effort is untimely, and therefore fails. The use of the avoiding power under § 544(a)(1) is circumscribed by the time limitations contained in 11 U.S.C. § 546(a)(1). Section 546(a) states:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of–

(1) the later of–

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a)(1)(2).

Under § 546(a) a Chapter 13 trustee or a Chapter 13 debtor seeking to exercise the avoidance powers must commence such an action or proceeding no later than 2 years after the entry of the order of relief, which corresponds to the date of filing of the debtor's petition.[3] The Debtor filed her petition on October 10, 2000. Therefore, the Debtor or the Trustee had to commence an avoidance action no later than October 10, 2002. The Debtor filed her motion in this matter on February 5, 2003. There is no language in Section

522(h) which relieves a debtor from complying with the time requirements contained in § 546. Similarly, § 546 contains no exception or different time requirement for a debtor who employs the trustee's avoidance power pursuant to § 522(h). Therefore, the Debtor is time barred.

■ However, the Debtor also argued that the WAMCO lien could be avoided under 11 U.S.C. § 522(f) if the Court decided that the Debtor was foreclosed from exercising the avoidance powers. The Court agrees with the Debtor and will allow the Debtor to partially avoid the WAMCO lien, pursuant to § 522(f).

Section 103(a) provides that § 522(f) applies to all bankruptcy cases, and it is settled law that a Chapter 13 debtor can utilize § 522(f) to avoid a judicial lien that impairs an exemption, or a nonpossessory, non-purchase money security interest in household goods that would be exempt property under applicable law. *See* 11 U.S.C. § 522(f); *See also, In re Miller,* 299 F.3d 183, 185–86 (3d Cir.2002) (applying § 522(f) in the context of a Chapter 13 case); *In re Maddox,* 15 F.3d 1347, 1350 (5th Cir.1994) (allowing Chapter 13 debtor to utilize § 522(f) to avoid a non-possessory, non-purchase money lien on personal property); *In re Tash,* 80 B.R. 304, 306 (Bankr.D.N.J.1987) (allowing Chapter 13 debtor to utilize § 522(f) to avoid a judicial lien that impaired exemption). The lien avoidance power contained in § 522(f) enables the debtor to extinguish or partially avoid the judicial lien of a creditor in property that would otherwise be exempt but for the creditor's lien.

Section 522(f) sets forth the formula to determine the extent to which a lien impairs an exemption:

**3.** Under § 301 the commencement of a voluntary case constitutes an order for relief.

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–

 (i) the lien,

 (ii) all other liens on the property; and

 (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

■ Utilizing this formula, a debtor is permitted to avoid only that portion of the lien that impairs the exemption. In the matter at hand, the Debtor claims that the fair market value of her home as of the petition date was $260,000. WAMCO does not dispute this amount, but claims that the value has likely increased since the petition was filed, and that the Court should value the West Orange property as of the confirmation date. The Court can find no support in the case law for WAMCO's position. Furthermore, it is in direct contradiction to § 522(a)(2) which provides, inter alia, that value means "... fair market value as of the date of filing of the petition...." Accordingly, for purposes of making the calculation under § 522(f)(2)(A) the Court will use the value of $260,000. The liens which must be considered are the first mortgage held by National City Mortgage in the amount of $200,103.65; a lien in favor of the IRS in the amount of $32,624.53; and the amended WAMCO claim in the amount of $225,221.51. The Debtor claimed an exemption in the homestead in the amount of $16,150.00 on Schedule C of her petition. The Calculation under the statutory formula is as follows:

| | |
|---|---|
| 225,221.51 | WAMCO Lien |
| 200,103.65 | 1st Mortgage |
| 32,624.53 | IRS Lien |
| 16,150.00 | Claimed Exemption |
| 474,099.69 | Total Encumbrances |
| − 260,000.00 | Debtor's Interest in Property |
| 214,099.69 | Extent of Impairment |

The above calculation demonstrates that the Debtor's exemption is impaired by the WAMCO lien to the extent of $214,099.69. Therefore, the lien does not impair the exemption to the extent that the amount of the lien ($225,221.51) exceeds the extent of the impairment ($214,099.69), i.e., $11,121.82. *Miller,* 299 F.3d at 186. Accordingly, pursuant to § 522(f), the Court finds that the Debtor can partially avoid WAMCO's lien. The remaining portion of WAMCO's lien, the $11,121.82, cannot be avoided and must be appropriately addressed within the Debtor's Chapter 13 Plan.

Because she contended that WAMCO's lien could be voided in it entirety, the Debtor requested modification of the March 25, 2001 consent order which gave adequate protection to WAMCO. The Court believes that consideration of this request should only be made after the Debtor has amended her Chapter 13 Plan to reflect the partial avoidance of the WAMCO lien.

### CONCLUSION

The Debtor may not utilize § 544 or § 522(h) to avoid the WAMCO lien. However, pursuant to § 522(f), the WAMCO lien against the West Orange property is avoided to the extent of $214,099.69, the amount by which the lien impairs the Debtor's exemption. Finally, the portion of the Debtor's motion which seeks to modify the March 15, 2001, Consent Order is denied without prejudice to renew after

the Debtor has amended her Chapter 13 Plan.