**In re Frank HANNAH, Debtor.**

No. 01–43940 (DHS).

United States Bankruptcy Court,
D. New Jersey.

Sept. 30, 2004.

Joseph M. Casello, Esq., Broege, Neumann, Fischer & Shaver, LLC, Manasquan, NJ, for the Debtor.

Fein, Such, Kahn & Shepard, PC, Parsippany, NJ, for Chase Manhattan Mortgage Corp.

Marie–Ann Greenberg, Esq., Office of the Chapter 13 Standing Trustee, Fairfield, NJ, Chapter 13 Trustee.

### *OPINION*

DONALD H. STECKROTH,
Bankruptcy Judge.

This matter is before the Court upon a motion by Chase Manhattan Mortgage Corp. ("Chase") seeking relief from the automatic stay. Frank Hannah, the Chapter 13 debtor ("Debtor") opposes the motion and cross-moves for an order reclassifying the claim of Chase as an unsecured claim. The Court heard argument in the matter and instructed the parties to submit supplemental briefs on the issue whether a Chapter 13 debtor has standing to utilize the strong-arm powers of section 544(a) of the Bankruptcy Code. *See* 11 U.S.C. § 544(a) (West 2004). The relevant facts are not in dispute.

The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 1334(b), 151 and 157(a). *See* 28 U.S.C. § 1334(b), 151, 157(a) (West 2004). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (K), and (O). *See* 28 U.S.C. § 157(b)(2)(A), (G), (K), (O) (West 2004). Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409. *See* 28 U.S.C. § 1408, 1409 (West 2004). The following constitutes this Court's findings of fact and conclusions of law, pursuant to Federal Rule of Bankruptcy Procedure 7052. *See* Fed. R. Bankr.P. 7052.

### FINDINGS OF FACT

The Debtor filed a voluntary Chapter 7 petition on July 6, 2000. At the § 341 meeting of creditors, an issue arose regarding whether Chase's mortgage on the Debtor's real property in Perth Amboy, New Jersey ("Property"), had been recorded by the mortgagee when an unsecured creditor provided the Chapter 7 Trustee with a search indicating that the Chase mortgage had not been recorded. If timely recorded, it would be a first mortgage on the Property. The Debtor then converted his Chapter 7 to a Chapter 13 proceeding and proposed to treat the Chase mortgage as a general unsecured claim. The Chapter 13 Plan called for a base dividend to unsecured creditors with regular payments to the second mortgagee on the Property. The case was then transferred to the Newark vicinage due to conflict and ultimately dismissed.

Thereafter, the Debtor commenced the instant Chapter 13 case. Chase has not received any payments since the petition filing date and moves to vacate the automatic stay pursuant to 11 U.S.C. § 362(d). The Debtor has cross-moved to reclassify the claim of Chase as an unsecured claim based on the failure to record the mortgage. The Chapter 13 trustee ("Trustee") has supported the Debtor.

The issue for decision is whether a Chapter 13 debtor has standing to utilize the powers under section 544(a) of the Bankruptcy Code. *See* 11 U.S.C. § 544(a) (West 2004).

### CONCLUSIONS OF LAW

11 U.S.C. § 544 is entitled "Trustee as lien creditor and as successor to certain creditors and purchasers." Section 544(a) states:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commence-

ment of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (West 2004).

The Debtor initially relies upon the application of law set forth in *In re Bridge* in support of his cross-motion. *See In re Bridge,* 18 F.3d 195 (3d Cir.1994). In *Bridge,* a Chapter 7 trustee sought to avoid an equitable lien which a mortgagee, holding an unrecorded mortgage, sought to impose on the Chapter 7 estate. The Third Circuit Court of Appeals held that § 544(a)(3) accorded the trustee bona fide purchaser status and thus entitled the trustee under New Jersey state law to avoid the equitable lien of an unrecorded mortgage. *See id.* at 200. If the instant matter were a Chapter 7 case or the motion had been brought by the Chapter 13 trustee, there would be no dispute. The vital distinction, of course, between the scenario presented in *Bridge* and the matter before this Court is that *Bridge* involved a Chapter 7 case, where the *trustee* used his avoiding powers under § 544. Here, the Chapter 13 Debtor is attempting to utilize the avoiding powers specifically conferred upon the trustee under § 544.

The issue whether a Chapter 13 debtor has standing to exercise the avoiding powers of § 544 has been addressed by many courts without a uniform resolution. There are two lines of cases adopting opposing views. Some courts have held that the Chapter 13 debtor does have standing, independent of § 522(h), to utilize the trustee's avoidance powers of § 544. *See In re Boyette,* 33 B.R. 10, 11 (Bankr.N.D.Tex. 1983); *In re Einoder,* 55 B.R. 319, 322 (Bankr.N.D.Ill.1985) (Chapter 13 debtor allowed to utilize the trustee's strong-arm powers); *In re Ottaviano,* 68 B.R. 238, 240 (Bankr.D.Conn.1986); *In re Weaver,* 69 B.R. 554, 556 (Bankr.W.D.Ky.1987); *Thacker v. United Companies Lending Corp.,* 256 B.R. 724, 728 (W.D.Ky.2000)

(Chapter 13 debtor can use strong-arm powers to void improperly recorded mortgage). However, the majority of courts that have addressed the issue have reached the conclusion that a Chapter 13 debtor does not have standing to avail itself of the trustee's strong-arm avoidance powers under § 544(a). *See In re Steck,* 298 B.R. 244, 247 (Bankr.D.N.J.2003); *In re Wilkinson,* 186 B.R. 186, 191 (Bankr. D.Md.1995); *In re Tillery,* 124 B.R. 127 (Bankr.M.D.Fla.1991) (Section 1303 provides the exclusive grant of trustee power to a Chapter 13 debtor); *In re Redditt,* 146 B.R. 693 (Bankr.S.D.Miss.1992) (debtor does not possess power to avoid transactions except to the extent granted under § 522(h)); *In re Driscoll,* 57 B.R. 322, 325–26 (Bankr.W.D.Wis.1986) (Section 1303 does not grant avoidance powers of Chapter 5 to a Chapter 13 debtor); *In re Mast,* 79 B.R. 981, 982 (Bankr.W.D.Mich.1987) (there is no statutory authority for a Chapter 13 debtor to use the Chapter 5 avoidance powers); *In re Bruce,* 96 B.R. 717 (Bankr.W.D.Tex.1989).

The Debtor and Trustee argue that this Court should follow the line of cases which permit a Chapter 13 debtor to utilize the trustee's avoidance powers. These cases emphasize a Chapter 13 trustee's lack of incentive to bring such actions and the realities of Chapter 13 practice. For these essentially economic reasons, courts have upheld the Debtor's contention that he is the most appropriate party to invoke the strong-arm powers. The argument is succinctly stated in *In re Einoder:*

The Chapter 13 trustees would become seriously overburdened and inefficient if they chose to set aside preferences, fraudulent conveyances, and the like on a routine basis. Therefore, it is only reasonable that the Bankruptcy Court allow the debtor to exercise the avoiding powers for his or her own benefit and

for the creditors' indirect benefit as the trustees are unlikely ever to pursue those matters on their own.

*In re Einoder,* 55 B.R. at 323. While the Court appreciates and understands the arguments of the Debtor and the realities of Chapter 13 practice, it is bound to follow Supreme Court and Third Circuit precedent when interpreting statutes. The judge's role is to interpret and apply the statute, not to rewrite it or undertake judicial legislation. *In re Redditt,* 146 B.R. at 697. The Supreme Court has stated "that Congress says in a statute what it means and means in a statute what it says," and that when a statute's language is plain, "the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (citations and internal quotation marks omitted).

 "The starting point in every case involving construction of a statute is the language itself." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 756, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *see also Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). "The role of the courts in interpreting a statute is to give effect to Congress's intent." *Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 202 (3d Cir.1998). Where the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). A court's analysis should be consistent with the actual language of the statute, and should be consistent with the plain meaning of the statutory language. *See id.* at 240–41, 109 S.Ct. 1026.

In *Hartford Underwriters,* the Supreme Court held that section 506(c) of the Bankruptcy Code, which states that a trustee may recover, from property securing an allowed secured claim, the costs and expenses of preserving such property, did not provide a secured creditor with standing to seek payment of its claim from property encumbered by its lien. The Supreme Court stated that "[a] situation in which a statute authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity." *Hartford Underwriters,* 530 U.S. at 2, 120 S.Ct. 1942. What is significant to the case at bar is that in both § 506(c) and § 544(b), the statute empowers only the trustee to take action.

The Third Circuit Court of Appeals has stated:

Undoubtedly, there is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning. That presumption may be *overcome only* when there is such variation in the connection in which the words are used as reasonably to warrant the conclusion that they were employed in different parts of the act with different intent.

*Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery,* 330 F.3d 548, 559 (3d Cir.2003) (emphasis added) (internal citations omitted).

The Third Circuit nevertheless went on to hold in *Cybergenics* that an official committee of unsecured creditors in a Chapter 11 proceeding has "derivative" standing to pursue an action under § 544(b) despite the absence of specific statutory authority granting such standing. *See id.* at 580. Significantly, the *Cybergenics* decision au-

thorizing creditors' committees to pursue such claims is based on the court's articulated desire to interpret Chapter 11 as a whole and emphasized that most Chapter 11 cases do not have a trustee. Thus, the Third Circuit intricately wove together several Bankruptcy Code provisions, public policy, pre-Code practice, and the Bankruptcy Court's equitable powers to conclude Congress could not have intended that an entity who usually does not exist is the only one with standing to bring a cause of action under § 544(b). *See id.* at 560. Under those circumstances and to effect such a result, the Third Circuit found in favor of a derivative action for the benefit of all creditors and afforded standing to the creditors' committee in a Chapter 11 case. However, in a Chapter 7 or Chapter 13 case, the trustee has a unique and defined role. *See Hartford Underwriters,* 530 U.S. at 7, 120 S.Ct. 1942. A trustee is always in place, and thus much of the rationale relied upon by the *Cybergenics* court for holding that a committee of unsecured creditors has standing in a Chapter 11 case to bring an action under § 544(b) is not applicable in a Chapter 7 or 13 case.

Congress specifically conferred the avoidance powers upon debtors in both Chapter 11 and Chapter 12 cases. *See* 11 U.S.C. §§ 1107(a) and 1203 (West 2004). By contrast, the rights and powers of a Chapter 13 debtor are set forth in § 1303 which provides only that "the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l* ), of this title." 11 U.S.C. § 1303 (West 2004). Thus, unlike §§ 1107 and 1203, § 1303

does not include the power of avoidance granted by section 544 of the Code. It is recognized that the legislative history of § 1303 states that by providing the debtor with powers exclusive of the trustee "does not imply that the debtor does not also possess other powers concurrently with the trustee." 124 Cong. Rec. H11106 (daily ed. Sept. 28, 1978) (remarks of Rep. Don Edwards). However, the stark contrast between the language similarly employed in §§ 1107 and 1203 and absent from § 1303 is too fundamental to ignore. If Congress intended to give the Chapter 13 debtor trustee-like power, it could easily have adopted language similar to §§ 1107 and 1203. That would have been routine—it is the distinction which creates the difference and which this Court must recognize. In reviewing the plain language of § 1303, the Court concludes the fair reading is to hold that Congress did not intend that Chapter 13 debtors have the § 544 powers of avoidance granted the trustee.

In addition, while not addressed by the parties, § 522(h) is relevant to the Court's determination of this issue.[1] Section 522(h) allows debtors to avoid a transfer of property under the trustee's avoidance powers if the trustee does not attempt to do so, but only to the extent of the debtor's exemption under § 522(g)(1). Such limited authority supports the conclusion that Congress did not intend to confer full avoidance powers upon the Chapter 13 debtor. *See In re Steck,* 298 B.R. at 248.

Finally, the Court is persuaded by Chief Judge Paskay's reasoning in *In re Tillery:*

---

1. That provision states:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if–

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (West 2004).

Even a cursory analysis of the voiding power granted to the trustee by Section 544 leaves no doubt that it was enacted by Congress in order to enable the trustee of the estate to enhance the assets in order to assure that the unsecured creditors' recovery is maximized. Section 544 was never intended to permit debtors to avoid liens on properties which they are retaining. Chapter 13 is designed as a relief chapter for the adjustment of debts of an individual with regular income. While a Chapter 13 debtor may sell, use or lease property subject to the conditions outlined in Section 363, clearly it was never intended that a Chapter 13 plan would be funded by the sale of properties nor from pursuing transactions which may be voidable under Sections 544, 545, 547, 548 and 550. A Chapter 13 debtor does not occupy the same legal status as a debtor-in-possession in Chapter 11, who is legally an entity separate from the debtor. Obviously, this is not the case in a Chapter 13 case where the debtor occupies the same legal status as it occupied prior to the commencement of the case. For these reasons there appears to be no justification why a Chapter 13 debtor should be permitted to avoid a transaction to which the debtor himself or herself was a participating party and when such an avoidance plays no meaningful role in the debtor's ability to propose a Chapter 13 plan and to consummate same if the plan submitted is confirmed.

*In re Tillery*, 124 B.R. 127, 128–29 (Bankr. M.D.Fla.1991) (internal citation omitted).[2]

For the reasons set forth above, this Court finds that there is no statutory authority for a Chapter 13 debtor to exercise the avoidance powers pursuant to section 544(a) of the Bankruptcy Code. Accordingly, the Debtor's cross-motion to reclassify the claim of Chase is denied.

The Chase mortgage is to be treated as a secured claim in the Chapter 13 case. While the mortgage holder may not affect or foreclose the rights of subsequent lienors because the mortgage is not recorded, the mortgage is valid as between the Debtor and Chase under New Jersey law. *N.J.S.A.* 46:22–1 provides that an unrecorded mortgage lien is not unperfected as between the debtor and the parties in privity to the transaction—here, the mortgage holder. *See N.J.S.A.* 46:22–1 (West 2004). Accordingly, the motion to vacate the stay is adjourned to the hearing on confirmation of Debtor's Plan.

An Order in conformance with this Opinion has been entered and a copy is attached.

---

**2.** Interestingly, Judge Paskey had earlier decided *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fla. 1982), where he held that a Chapter 13 debtor could utilize the special voiding power granted by § 544. In *Tillery*, however, the court receded from that position and found, after considerable Chapter 13 experience, the better analysis was that Chapter 13 debtors lacked this power.