318 B.R. 512 (2004)
In re David and Christina CRAWLEY, Debtors.
David and Christina Crawley, Plaintiffs,
v.
Aurora Loan Services, and Fieldstone Mortgage Co., Defendants.
Bankruptcy No. 03-15105, Adversary No. 03-00152.
United States Bankruptcy Court, W.D. Wisconsin.
November 24, 2004.
*513 *514 Patricia K. Hammel, Baner & Associates, Madison, WI, for Plaintiff.
Jay J. Pitner, Gray & End LLP, Milwaukee, WI, for Aurora Loan Services.
Arthur M. Moglowsky, Bass & Moglowsky, S.C., Milwaukee, WI, for Fieldstone Mortgage.

MEMORANDUM DECISION
ROBERT D. MARTIN, Bankruptcy Judge.
The debtors filed a Chapter 13 petition on July 10, 2003, and a Complaint To Determine Validity Of Lien on July 30, 2003. On stipulated facts, the parties submitted the case to the court for resolution on cross motions for summary judgment.
Prior to November 15, 2002, Wells Fargo Bank held a properly-recorded first mortgage on the debtors' home in the amount of $54,900.00. Household Mortgage held a properly-recorded second mortgage on the home in the amount of $25,001.00.
On November 15, 2002, the debtors refinanced the first and second mortgages by a new note and mortgage given to Fieldstone Mortgage Company ("Fieldstone"). The Wells Fargo and Household Mortgage mortgages were satisfied in full. Fieldstone loan proceeds were also used to pay property taxes due. K & M Title Company closed the loan as settlement agent for Fieldstone. Due to K & M's negligence, the mortgage was not recorded. The debtors made mortgage payments until July 2003 when they filed their Chapter 13 Petition. The debtors listed Fieldstone's claim as unsecured for $81,690.38. The home had a value as of July 10, 2003 of $60,000, and a liquidation value of $54,000.00.
The debtors want to use the trustee's § 544(a)(3) power to avoid Fieldstone's lien thereby rendering Fieldstone's claim unsecured, non-priority, and dischargeable. They may not do so.
Fieldstone argues that it is entitled to equitable subrogation, to wit: that it is entitled to take the place of the erstwhile secured creditors, Wells Fargo and Household Mortgage, by virtue of having paid the debts owed to them. Fieldstone goes on to claim that its mortgage should be deemed recorded as of the date the Wells Fargo and Household Mortgage mortgages were recorded by virtue of having paid those mortgages for the debtors' benefit. Fieldstone is not entitled to subrogation.
Subrogation in this context is a matter of state law. In Wisconsin,
Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. As a rule, however: . . . the right of a party to subrogation, by reason of advances made to a debtor, depends upon (1) his being secondarily liable; or (2) the necessity for acting to protect his own interests; or (3) an agreement that he is to have security.
Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis.2d 235, 262 N.W.2d 114, 116-17 (1978) (citation *515 omitted). Fieldstone was not secondarily liable on the debtors' prior mortgages. Fieldstone had no need to lend the debtors money or pay off the prior mortgages to protect its own interest.
Under what is generally termed `conventional subrogation,' a lender will be granted subrogation where money is advanced in reliance upon a justifiable expectation that the lender will have security equivalent to that which his advances have discharged, provided that no innocent third parties will suffer. Equity will treat such a transaction as tantamount to an assignment of the original security.
Id. at 117.
"An agreement that he is to have security" refers to an agreement between the parties to the transaction  the mortgagor and the mortgagee  in this case the debtors and Fieldstone. Id. at 117. Although Fieldstone entered into an agreement with the debtors that it was to have security, and received that security in the form of a mortgage which it neglected to record, it had no agreement that the debtor would provide additional security to Fieldstone. There is no need for equity to treat Fieldstone's mortgage as "tantamount to an assignment of the original" mortgages because Fieldstone received its agreed security. That Fieldstone failed to record its mortgage is not grounds for invoking equity. The debtors are not the party at fault here, and they will not be unjustly enriched if subrogation is denied. The mortgage was not recorded by Fieldstone's agent. Furthermore,
Even where a definite agreement for subrogation is shown . . . subrogation will be denied where it would lead to an uncontemplated and inequitable result. . . . [C]onventional subrogation will be available only where a definite agreement of the parties is shown and where a balancing of the equities favors application of the doctrine.
Id.
There is no definite agreement for subrogation, and the balancing of equities does not support equitable subrogation.
Fieldstone had an opportunity to perfect its mortgage and assert its priority. By its own negligence it failed to perfect. However, the mortgage lien is still valid as between the debtors and Fieldstone. The importance of recording a mortgage concerns notice to future lenders who seek security in the same real estate; it has no effect on the secured status of Fieldstone's loan to the debtors. It is only unperfected as against a subsequent bona fide purchaser.[1] Thus, the debtors would need to avoid the lien in order to render Fieldstone's claim unsecured.
The debtors want to invoke the trustee's § 544(a)(3) power to avoid the mortgage and deem Fieldstone's claim unsecured. But the debtors are not trustees nor have they been given the powers of a trustee under § 544. This court held in In re Driscoll, 57 B.R. 322, 324 (Bankr. *516 W.D.Wis. 1986) (reversed on other grounds, see n. 6):
[S]ection 1303 grants a chapter 13 debtor the powers of a trustee only under specified subsections of 11 U.S.C. § 363 and does not purport to grant the debtor any of the trustee's avoiding powers found in chapter 5 of the Code.
Section 1303 states:
Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.
Because § 544 is not among the enumerated powers given to Chapter 13 debtors, the debtors may not avoid a lien under that section.
Some courts have reached a different conclusion.[2] But those decisions do not control this court, and their reasoning is not compelling. The decision in Driscoll followed In re Carter, 2 B.R. 321 (Bankr.D.Colo.1980).
The issue of the Chapter 13 debtor invoking a trustee's powers has been recently revisited in In re Ryker, 315 B.R. 664 (Bankr.D.N.J.2004), which, referring to the holding in Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), which limited the exercise of powers available to the trustee under § 506(c), stated:
The Supreme Court was also not persuaded by the contention that § 506(c) could be read to include other parties since the language of § 506(c) does not explicitly exclude other parties. The Court pointed out that had Congress intended to include other parties within the ambit of § 506(c) it simply could have said so.
Ryker, 315 B.R. at 669.
The Ryker court found the analogy of § 506(c) to § 1303 to be apt, stating:
Importantly, the issue before the Court in Hartford Underwriters is similar to the issue addressed here: whether statutory language which identifies only the trustee as the party who may act, should be read to include other parties. Applying Hartford Underwriters, it is apparent that not only the statutory language, but also the structure of the Code reveals that a Chapter 13 debtor does not have standing to independently assert the trustee avoidance powers.
Id.
The Ryker court's analysis of this issue is in total accord with this court's decision in Driscoll, 57 B.R. 322, 325. There is a specific and limited grant of authority to the debtor in § 1303. That authority found did not include the use of § 548 in Ryker, § 545 in Driscoll or § 544 in Carter, and does not include the use of § 544 in the present case.
The debtors cannot avoid Fieldstone's mortgage. Fieldstone must be treated as *517 a creditor with a secured claim. Defendant's are entitled to summary judgment.

ORDER
The Court having this day entered its memorandum decision in the above-entitled matter,
IT IS HEREBY ORDERED that judgment may be entered for Defendants.
NOTES
[1] Wis. Stat. § 706.08(a) states in relevant part:

[E]very conveyance that is not recorded as provided by law shall be void as against any subsequent purchaser, in good faith and for valuable consideration, of the same real estate or any portion of the same real estate whose conveyance is recorded first.
The lien exists on the property regardless of the mortgage not being recorded. Wis. Stat. § 708.01 states:
A mortgage on real property creates a lien on the property mortgaged; except for the lien and subject to s. 708.11, the mortgagor retains the interest that the mortgagor had at the time of the mortgage until that interest is divested by some later act.
[2] For cases holding that debtors do have a trustee's avoiding powers see In re Boyette, 33 B.R. 10, 11 (Bankr.D.Tex.1983) ("I reject the holding of In re Carter . . . I hold that the Debtors are vested with the avoiding powers of a bona fide purchaser for value under § 544(a)(3) . . ."); Matter of Ottaviano, 68 B.R. 238, 240 (Bankr.D.Conn.1986) ("I disagree, and accept the majority view that a chapter 13 debtor has standing to bring actions under the Bankruptcy Code's avoidance powers."); Thacker v. United Companies Lending Corp., 256 B.R. 724, 728 (W.D.Ky.2000) ("The Thackers are determined to have standing to assert the § 544(a) strong-arm avoidance powers granted to trustees."); U.S. v. Dewes, 315 B.R. 834, 836 (N.D.Ind.2004) ("While the IRS and the Bank argue that a better reasoned approach is one in which a Chapter 13 debtor does not have standing to bring such an action, the Bankruptcy Court disagreed.").