**In re Leonard Carl HANSEN, also known as L.C. Hansen, and Bonnie Lavonne Hansen, Debtors.**

**Leonard Carl Hansen and Bonnie Lavonne Hansen, Plaintiffs—Appellants,**

**v.**

**Green Tree Servicing, LLC, Defendant—Appellee.**

**BAP No. WY–04–089**
**Bankr. No. 03–21805.**
**Adversary No. 04–2020.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Oct. 14, 2005.

34. *Id.*

George L. Arnold of George L. Arnold, P.C., Evanston, Wyoming, for Plaintiffs—Appellants.

David Evans of Hickey & Mackey, Cheyenne, Wyoming, for Defendant—Appellee.

Before NUGENT, THURMAN, and ROMERO [1], Bankruptcy Judges.

## OPINION

NUGENT, Bankruptcy Judge.

Chapter 13 debtors Leonard and Bonnie Hansen (Appellants) seek to avoid a lien held by Green Tree Servicing Corporation (Appellee or Green Tree) on their mobile home pursuant to 11 U.S.C. § 544 [2], claiming that it was not perfected on the date of their bankruptcy petition. The United States Bankruptcy Court for the District of Wyoming refused to avoid

Green Tree's lien and entered judgment for Appellee. Debtors appealed. We conclude that Appellants lacked standing to avoid Appellee's lien and we REVERSE and REMAND to the bankruptcy court with direction to VACATE the judgment and DISMISS the adversary proceeding.

## I. Appellate Jurisdiction

The Court has jurisdiction over this appeal. The Appellants timely filed their notice of appeal from the bankruptcy court's final order.[3] The parties have consented to this Court's jurisdiction because they have not elected to have the appeal heard by the United States District Court for the District of Wyoming.[4]

## II. Factual Background

The substantive legal issue presented by this appeal and considered by the bankruptcy court is whether Appellee's lien was perfected on the petition date, requiring the court to determine how security interests in mobile homes are perfected in Wyoming. Because we conclude that Appellants lacked standing to bring the avoidance action, the bankruptcy court lacked subject matter jurisdiction and this Court cannot reach the merits of the perfection issue.[5] Accordingly, the Court's

---

1. Honorable Michael E. Romero, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Colorado, sitting by designation.

2. Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

3. 28 U.S.C. § 158(a)(1); Fed. R. Bankr.P. 8002(a). An order denying a debtor's motion to avoid lien is a final order. *See In re Thompson*, 240 B.R. 776, 779 (10th Cir. BAP 1999) (§ 522(f) lien avoidance); 1 *Collier on Bankruptcy* ¶ 5.07[2] (Lawrence P. King ed., 15th ed. rev.2004).

4. 28 U.S.C. § 158(b)-(c); Fed. R. Bankr.P. 8001(e).

5. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only remaining function to the court is that of announcing the fact and dismissing the cause." (citing *Ex parte McCardle*, 7 Wall. 506, 74 U.S. 506, 514, 19 L.Ed. 264 (1869))); *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263 (1936) (when the lower court lacks jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.").

recitation of the facts will be brief and will be limited to those facts relevant to the issue of the bankruptcy court's jurisdiction.

In July 1996, Paradise Valley Homes and the Appellants entered into a Manufactured Home Retail Installment Contract and Security Agreement for the purchase of a mobile home. Paradise Valley Homes assigned its security interest to Appellee. In September 1996, Appellee filed a UCC Financing Statement with the Uinta County Clerk, describing the mobile home and identifying Appellee as the assignee of the Security Agreement. Appellee's security interest was noted on the mobile home's certificate of title at the same time. In January 2002, the County Clerk purged Appellee's lien notation on the certificate of title because Appellee had not filed a continuation statement within five years from the date of filing its financing statement.

In September 2003, the Appellants filed their Chapter 13 petition. Appellee filed a proof of claim in the Appellants' case, asserting a secured claim in the amount of $55,762.54 based on its security interest in the mobile home.

In April 2004, the Appellants commenced an adversary proceeding against Appellee, seeking to avoid Appellee's lien

against their mobile home pursuant to 11 U.S.C. § 544. In September 2004, the Appellants moved for summary judgment. On November 24, 2004, the bankruptcy court issued its order, holding that Appellee's lien was not avoidable under § 544 and denying the Appellants' motion for summary judgment. The bankruptcy court separately entered judgment for Appellee on the Appellants' complaint. This appeal followed.

### III. *Analysis*

#### A. Whether Chapter 13 Debtors Have Standing to Exercise the Chapter 5 Avoiding Powers Is Unsettled.

From the record before this Court, we cannot determine whether Appellee raised the standing issue in the proceedings before the bankruptcy court.[6] Nor is it apparent from the record whether the bankruptcy court considered the standing issue. This Court is nonetheless obligated to determine the bankruptcy court's jurisdiction to hear and decide the lien avoidance proceeding.[7] Appellants raise and discuss the standing issue in their appellate brief but Appellee does not respond to this portion of Appellants' brief.[8]

11 U.S.C. § 544 grants certain avoidance powers to the *trustee*.[9] It states, in relevant part:

---

6. The record on appeal consists of the adversary docket report, the bankruptcy case docket report, the debtors' summary judgment motion and memoranda, and the bankruptcy court's ruling. This Court is without the benefit of the adversary complaint, Green Tree's answer, Green Tree's response to the summary judgment motion, and the transcript of the hearing on the summary judgment motion.

7. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower

court.); *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir.1986) (Since federal courts are courts of limited jurisdiction, a federal court has an obligation to inquire into its jurisdiction sua sponte.); *In re Cohen*, 305 B.R. 886, 891 (9th Cir. BAP 2004) (Bankruptcy Appellate Panel could sua sponte raise jurisdictional question of whether Chapter 13 debtors had standing to pursue § 544 avoidance action.).

8. Appellants' Brief at 13–14.

9. *See also*, 11 U.S.C. §§ 545–549 (other avoiding powers granted to the trustee); *cf.* 11 U.S.C. § 522(f)(1) and (h) which give the

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—.... [10]

Here, the *debtor* seeks to exercise those avoidance powers. Thus, an issue exists in this case whether Appellants had standing to bring their avoidance action. If the Appellants lacked standing to bring the lien avoidance proceeding, the bankruptcy court was without subject matter jurisdiction to determine the Appellants' complaint.

■ The question of whether Chapter 13 debtors have standing to bring § 544(a) avoidance actions has not been squarely addressed by the Tenth Circuit or by this Court.[11] Bankruptcy courts within the Tenth Circuit,[12] like bankruptcy courts in other jurisdictions,[13] are split on the issue. The majority of the Circuit Courts that have addressed the standing issue adopt a "no standing" rule; these courts hold that the Chapter 13 debtor cannot exercise the trustee's avoiding powers.[14]

debtor the power to avoid certain liens and transfers of exempt property. There is nothing in the record before this Court to show that the property is exempt or that Appellants claim the property as exempt.

10. 11 U.S.C. § 544(a).

11. *See Straight v. First Interstate Bank of Commerce (In re Straight)*, 207 B.R. 217 (10th Cir. BAP 1997) (Chapter 13 debtors' standing to commence avoidance actions was moot where debtors' case was converted to chapter 7 and trustee was appointed and joined as a party to appeal.); *Lucero v. Green Tree Fin. Servicing Corp. (In re Lucero)*, 203 B.R. 322 (10th Cir. BAP 1996) (standing issue never reached because judgment was reversed).

12. *See e.g., Straight v. First Interstate Bank of Commerce (In re Straight)*, 200 B.R. 923, 928 (Bankr.D.Wyo.1996) (Chapter 13 debtors have standing to pursue avoidance actions provided the recoveries are deposited with the Chapter 13 standing trustee for distribution to and for the benefit of the unsecured creditors.), *aff'd on other grounds*, 207 B.R. 217 (10th Cir. BAP 1997); *Lucero v. Green Tree Fin. Servicing Corp. (In re Lucero)*, 199 B.R. 742, 745 (Bankr.D.N.M.1996) (Chapter 13 debtors had no standing to bring avoidance action but were allowed to substitute Chapter 13 trustee as party plaintiff.), *rev'd on other grounds* 203 B.R. 322 (10th Cir. BAP 1996); *Montoya v. Boyd (In re Montoya)*, 285 B.R. 490, 493 (Bankr.D.N.M.2002) (Chapter 13 debtors lacked standing to bring § 548 avoidance proceeding.); *Matravers v. United States (In re Matravers)*, 149 B.R. 204, 207 (Bankr.

D.Utah 1993) (Chapter 13 debtor had standing to avoid unauthorized postpetition transfer of property under § 549.); *In re Jernigan*, 130 B.R. 879, 887 (Bankr.N.D.Okla.1991) (Chapter 13 debtor is authorized to exercise avoiding powers only for the benefit of the estate.).

13. *See e.g., Montoya*, 285 B.R. at 492, n. 1 for collection of cases in the two camps; *Ryker v. Current (In re Ryker)*, 315 B.R. 664, 667 (Bankr.D.N.J.2004) (characterizing as "growing majority" the view that Chapter 13 debtors lack authority to utilize the trustee avoidance powers.).

14. *See In re Stangel*, 219 F.3d 498, 501 (5th Cir.2000) (per curiam) (Chapter 13 debtors lacked standing to bring a § 545 avoidance action.); *In re Merrifield*, 214 B.R. 362, 365 (8th Cir. BAP 1997) (Trustee has exclusive avoidance power under § 548.); *In re Knapper*, 407 F.3d 573, 583 (3rd Cir.2005) (Chapter 13 debtor could not invoke trustee's strong-arm powers and avoid transfers of property under § 544(b)(1); the right belongs to the trustee.); *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 220 (4th Cir.1994) (Section 548 avoidance action could not be enforced by debtors.). *But see In re Cohen*, 305 B.R. 886, 900 (9th Cir. BAP 2004) (Chapter 13 debtors have statutory standing to exercise § 544 avoiding powers concurrently with the trustee for the benefit of the estate and, even if no statutory standing exists, Chapter 13 debtors have third-party nonstatutory standing.).

## B. Many Courts Hold that Chapter 13 Debtors Lack Avoiding Powers.

The courts holding that Chapter 13 debtors do not have standing to bring avoidance actions base their decisions on one or more of the following points.

As referenced above, the clear and unambiguous language of § 544 confers avoidance powers upon the trustee, not the debtor.[15] The express language of this section does not refer to a debtor, and unlike Chapters 11[16] and 12,[17] there is no provision in Chapter 13 expressly conferring debtors with the powers of a trustee.[18] Section 1303, which defines the rights and powers of a Chapter 13 debtor, lists very specific provisions where debtors have exclusive rights. Avoiding powers are not among them.[19]

In relying upon the clear and express language in the statutory avoiding powers and limiting their enforcement to trustees, many courts have followed the Supreme Court's analysis in *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*[20] In *Hartford Underwriters*, a creditor that had provided insurance to a debtor in possession sought under § 506(c) to surcharge a secured creditor's collateral to cover unpaid premiums. Section 506(c), similar to § 544, states that "[t]he trustee may recover from property securing an allowed secured claim" reasonable, necessary costs related to preserving or disposing of the property.[21] The Supreme Court rebuffed this effort, determining that only the trustee could surcharge under § 506(c)'s express terms:

> In answering this question, we begin with the understanding that Congress "says in a statute what it means and means in a statute what it says there," *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). As we have previously noted in construing another provision of § 506, when "the statute's language is plain, 'the sole function of the courts' "—at least where the disposition required by the text is not absurd—" 'is to enforce it according to its terms.' " *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Here, the statute appears quite plain in specifying who may use § 506(c)— "[t]he trustee." It is true, however, as petitioner notes, that all this actually "says" is that the trustee may seek recovery under the section, not that others may not. The question thus becomes whether it is a proper inference that the trustee is the only party empowered to invoke the provision. We

---

15. 11 U.S.C. § 544(a).

16. *See* 11 U.S.C. § 1107(a).

17. *See* 11 U.S.C. § 1203.

18. *See Ryker,* 315 B.R. at 669–70 ("It must be viewed as significant that Congress conferred the avoidance powers on debtors in Chapter 11 and Chapter 12 cases, but did not extend them to Chapter 13 debtors."); *cf. In re AC Rentals, Inc.,* 310 B.R. 663 (Table) (10th Cir. BAP 2004) (Chapter 11 debtor in possession has rights and powers of a trustee under § 1107(a) and has standing to avoid lien under § 544.).

19. Section 1303 states: "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." 11 U.S.C. § 1303.

20. 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000).

21. 11 U.S.C. § 506(c).

have little difficulty answering yes.[22]

Moreover, the Bankruptcy Code affords Chapter 13 debtors limited power to bring avoidance actions under § 522.[23] Congress knew how to give debtors avoidance powers (as evidenced by § 522(h)); Congress could also have expressly given "debtors" the avoiding powers of § 544, § 545, § 547, § 548, and § 549. Instead, Congress expressly conferred the avoiding powers on the trustee.

Congress has specifically authorized debtors to pursue avoidance proceedings in narrowly limited situations. Section 522(h) expressly authorizes Chapter 13 debtors to exercise powers conferred by § 544 to avoid involuntary transfers of exempt property.[24] Here, the record indicates that Appellants granted a consensual security interest in their mobile home. Nothing in the record suggests that a foreclosure, and therefore, an involuntary transfer, has occurred. Section 522(h) does not apply. Appellants have not asserted that the mobile home is exempt and the Court lacks a record of whether the Chapter 13 trustee did "not attempt to avoid" the transfer as required under § 522(h)(2). Furthermore, § 522(h) incorporates § 522(g), and § 522(g) does not apply to the facts in this case.[25]

■ Another practical consideration expressed for the "no standing" rule is that there is no justification for a Chapter 13 debtor to have avoidance powers because future income, not proceeds of an avoidance action, funds a debtor's Chapter 13 plan.[26] In addition, the debtor has no duty to maximize recovery for unsecured creditors.[27] In short, the avoidance powers are not designed to protect the debtor. Instead, they benefit the unsecured creditors by enhancing the recovery of estate property. Because the limited record before us does not contain Appellants' Chapter 13 plan, we are unable to conclude that Appellants intend to fund their Chapter 13 plan with any recovery from this avoidance action or to see how avoidance otherwise would benefit the estate's unsecured creditors.

## C. The Court Rejects the Rationale of Other Courts Allowing Chapter 13 Debtors to Employ Avoiding Powers.

Courts holding that Chapter 13 debtors do have standing to bring avoidance actions base their decisions on one or more

---

**22.** 530 U.S. at 6, 120 S.Ct. 1942 (footnote omitted). *See United Phosphorus, Ltd. v. Fox (In re Fox),* 305 B.R. 912, 914–16 (10th Cir. BAP 2004) (citing *Hartford Underwriters, supra,* and obeying literal language of § 548 in refusing to permit a derivative suit by creditor.).

**23.** 11 U.S.C. § 522(f)(1) (debtor may avoid a lien on exempt property); § 522(h) (debtor may avoid a transfer of exempt property).

**24.** *See In re Hamilton,* 125 F.3d 292, 298 (5th Cir.1997) (Applying statutory exception of § 522(h), Chapter 13 debtor had standing to exercise trustee's strong-arm powers to avoid transfer of exempt homestead.).

**25.** *See* 11 U.S.C. § 522(g)(1); *Ryker,* 315 B.R. at 671; *Montoya,* 285 B.R. at 493–94; *Hamil-*

*ton,* 125 F.3d at 297 (Section 522(h) grants debtors standing to avoid certain involuntary transfers of exempt property, if the trustee has not attempted to avoid the transfer.).

**26.** *See* 11 U.S.C. § 1306(a)(2) (includes post-petition earnings as property of the estate); § 1322(a) (requires a chapter 13 plan to submit "all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.").

**27.** *Cf.* 11 U.S.C. § 704(1) which decrees a chapter 7 trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves ...."

of the following points,[28] each of which we address as follows.

First, § 103(a) states that Chapter 5 of Title 11, including § 544, applies in Chapter 13 cases. It is reasoned that since there is no case trustee appointed, Congress must have intended the Chapter 13 debtor (as a debtor in possession) to exercise the avoidance powers. However, as noted previously, nothing in Chapter 13 explicitly gives the Chapter 13 debtor the rights and powers of a trustee.[29] Moreover, this argument runs counter to the rationale espoused in the Supreme Court's *Hartford Underwriters* decision.

Second, neither the trustee nor the debtor have explicit authority under Chapter 13 to bring avoidance actions. Section 1302, which governs the trustee's duties, does not list avoidance powers among them.[30] In fact, § 1302, which incorporates Chapter 7 trustee duties under § 704 by reference, does not refer to § 704(1)—the Chapter 7 trustee duty to "collect and reduce to money the property of the estate." Likewise, § 1303, which governs the debtor's duties, does not list avoidance powers.

This second argument is countered by looking to other provisions in the Code. Even though avoidance powers are not listed among § 1302 or § 1303, the Bankruptcy Code clearly gives debtors, including Chapter 13 debtors, limited avoidance powers with respect to exempt property.[31] It is apparent from a reading of § 522(g) and (h), § 1107, and § 1203, that Congress knew how to give debtors limited avoiding

powers or to otherwise give debtors the rights and powers of case trustees. Section 1303 is more narrow, and expressly limits a Chapter 13 debtor's trustee powers to the ones enumerated in § 363. When it came to the avoiding powers of §§ 544, 545, 547, 548, and 549, Congress chose not to include Chapter 13 debtors at all.

Third, the avoidance powers are not exclusive to the trustee in that the Chapter 13 debtor can exercise the avoiding powers concurrently with the trustee. Section 1303 contains the debtor's duties that are exclusive of those of the trustee, yet nothing in that section precludes the debtor from having powers concurrent with the trustee. This implied power draws support from the legislative history to § 1303 which states that it is not meant to "imply that the debtor does not also possess other powers concurrently with the trustee."[32]

The Supreme Court again answered this point in *Hartford Underwriters*:

> Several contextual features here support the conclusion that exclusivity is intended. First, a situation in which a statute authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. "Where a statute ... names the parties granted [the] right to invoke its provisions, ... such parties only may act." 2A N. Singer, *Sutherland on Statutory Construction* § 47.23, p. 217 (5th ed.1992) (internal quotation marks omitted); *see also Federal Election Comm'n*

---

28. *See e.g., Cohen,* 305 B.R. 886 (citing numerous cases).

29. *See* notes 15, 16 and 17, *supra.*

30. *But see* 11 U.S.C. §§ 321 and 323 (trustee is the representative of the estate) and § 544(a) (expressly stating trustee is the party with standing).

31. *See* 11 U.S.C. § 522(f)(1) and (h).

32. 124 Cong. Rec. H. 11106 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); *id.* S17423 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini).

*v. National Conservative Political Action Comm.,* 470 U.S. 480, 486, 105 S.Ct. 1459, 84 L.Ed.2d 455 (1985). Second, the fact that the sole party named—the trustee—has a unique role in bankruptcy proceedings makes it entirely plausible that Congress would provide a power to him and not to others.

. . . .

Because we believe that by far the most natural reading of § 506(c) is that it extends only to the trustee, petitioner's burden of persuading us that the section must be read to allow its use by other parties is " 'exceptionally heavy.' " *Patterson v. Shumate,* 504 U.S. 753, 760, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (*quoting Union Bank v. Wolas,* 502 U.S. 151, 156, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991)).[33]

A fourth argument for Chapter 13 debtor standing is found in the statutory scheme of Title 11; under § 1306(b), Chapter 13 debtors remain in possession of estate property, while § 541(a) provides that avoidance actions are property of the estate. Under § 1322(b)(8), property of the estate (including funds recovered in an avoidance action) may be used to fund a plan, which plan may only be proposed by the debtor. Since the debtor controls plan confirmation issues, the debtor should also have the ability to bring lawsuits which may add to the estate to be distributed under the plan. Moreover, it is argued that Chapter 13 trustees have no incentive to bring avoidance actions and, therefore, debtors, who are the real representatives of the estate, should have standing to do so.[34] Some courts have applied this reasoning to find that Chapter 13 debtors have standing to exercise avoidance powers, provided that any recovery therefrom is turned over to the Chapter 13 trustee for distribution to the unsecured creditors and does not benefit the debtor.[35] In this case, we do not have the benefit of the Appellants' plan of reorganization before us and are unable to discern whether this avoidance action will benefit the unsecured creditors. Nor do we know whether the Chapter 13 trustee refused to exercise the avoiding powers in this case. It may well be that the Chapter 13 trustee carefully evaluated this avoidance action and determined that the likelihood of prevailing and obtaining an avoidance recovery was simply too uncertain or costly and thus declined to exercise the avoiding power.[36]

The "lack of incentive" argument boils down to a public policy argument which the Supreme Court ultimately concluded in *Hartford Underwriters* was a matter best left for Congress.

Finally, petitioner argues that its reading is necessary as a matter of poli-

33. 530 U.S. at 6–7, 9, 120 S.Ct. 1942.

34. Lack of trustee incentive to pursue avoidance actions finds support from the fact that there are no provisions in the Code authorizing compensation to the trustee for bringing such actions. Rather, Chapter 13 trustees are paid a percentage of the money paid through the plans they administer. *See* 11 U.S.C. § 1326(b)(2); 28 U.S.C. § 586(e)(1)(B).

35. *See e.g., Straight,* 200 B.R. at 928 (Strong arm powers are intended to enhance the estate, not to increase the personal assets of the debtor; Chapter 13 debtors permitted to prosecute avoidance claims "so long as any recov- ery is deposited with the chapter 13 standing trustee for distribution to and for the benefit of the unsecured creditors."); *Jernigan,* 130 B.R. at 887 (Chapter 13 debtor is authorized to exercise avoiding powers only for the benefit of the estate, as a trustee would use them.). Even *Cohen* limits Chapter 13 debtors' exercise of avoiding powers "as a means to fund the plan." 305 B.R. at 900.

36. *See Ryker,* 315 B.R. at 670 ("[T]here is no reason to expect that a Chapter 13 trustee will refuse to act on an avoidance claim that has merit.").

cy, since in some cases the trustee may lack an incentive to pursue payment. . . .

. . . .

[W]e do not sit to assess the relative merits of different approaches to various bankruptcy problems. It suffices that the natural reading of the text produces the result we announce. Achieving a better policy outcome—if what petitioner urges is that—is a task for Congress, not the courts. *Kawaauhau v. Geiger,* 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *Noland,* 517 U.S., at 541–542, n. 3, 116 S.Ct. 1524, 134 L.Ed.2d 748; *Wolas,* 502 U.S., at 162, 112 S.Ct. 527, 116 L.Ed.2d 514.[37]

## IV. *Conclusion*

In short, while the arguments for statutory standing have some superficial appeal, the weight of authority adopts the "no standing" rule.[38] The *Cohen* court neither cites nor addresses *Hartford Underwriters.* We think the "no standing" rule is the better view, in light of the plain language of § 544, principles of statutory interpretation, and the Supreme Court's comparable interpretation of § 506(c) in *Hartford Underwriters.*[39] We therefore hold that Chapter 13 debtors lack statutory standing to exercise the trustee's avoidance powers under § 544. Because we hold that the Chapter 13 trustee has the exclusive power to exercise avoidance powers under § 544, we REVERSE the bankruptcy court's order and REMAND to the bankruptcy court with directions to VA-

CATE the judgment and DISMISS the avoidance action.

---

**37.** 530 U.S. at 11, 13–14, 120 S.Ct. 1942.

**38.** *See Cohen,* 305 B.R. 886; *Ryker,* 315 B.R. at 668–69. (rejecting *Cohen's* analysis because "it gives no consideration to the plain language of the statute" and applying the *Hartford Underwriters* analysis instead).

**39.** *See also Fox,* 305 B.R. at 914–16 (refusing to recognize standing of creditor and creditor committee to bring derivative suit to recover assets on behalf of bankruptcy estate under § 548).