**In re PACIFIC HORIZONS, INC., Debtor.**

**PACIFIC HORIZONS, INC., Plaintiff-Appellee,**

v.

**Philip ERICKSON, Patricia Erickson, Hotel San Maarten of Laguna Beach, Inc., Laguna Beach Resorts, Inc., Defendants-Appellants.**

**BAP No. CC–82–1344AbHV.**
**Bankruptcy No. SA82–01088PE.**
**Adv. No. SA 82–0650.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Feb. 17, 1983.

Decided Feb. 29, 1984.

Dissenting Opinion April 2, 1984.

---

Roman A. Dimeo, Irvine, Cal., for defendants-appellants.

David B. Dimitruk, Newport Beach, Cal., for plaintiff-appellee.

Before ABRAHAMS, HUGHES and VOLINN, Bankruptcy Judges.

## OPINION

HUGHES, Bankruptcy Judge.

This is an appeal from an order denying appellants' motion to expunge two lis pendens. We affirm in part and reverse in part.

## I

Mr. and Mrs. Erickson, two of the appellants, are principals of the two corporate appellants. The Ericksons and one corporation, Hotel San Maarten of Laguna Beach, Inc., entered into an agreement with Pacific Horizons, Inc., wherein Pacific Horizons would develop Hotel San Maarten's property into time-share units. Pacific Horizons was responsible for obtaining approval of various governmental agencies. It was to receive 15% of the proceeds from the time-share sales. The contract did not provide for Pacific Horizons to obtain any legal interest in the real property.

On the day following approval of the conversion by the City of Long Beach, Hotel San Maarten and the Ericksons terminated the agreement. Pacific Horizons sued for damages and for specific performance of the agreement, at the same time recording a notice of pendency of action pursuant to Calif.Code Civ.Proc. § 409 *et seq.*

Later, Pacific Horizons added a cause of action that alleged a fraudulent conveyance of the hotel property to Laguna Beach Resorts, Inc. It also recorded an amended lis pendens to give notice of the fraudulent conveyance action against Resorts.

Meanwhile, Pacific Horizons filed bankruptcy.

Defendants unsuccessfully moved the bankruptcy court for an order expunging the lis pendens, and this appeal followed. We treat the notice of appeal as an application for leave to appeal an interlocutory order and we grant such leave to appeal.

## II

■ California law requires expungement of a lis pendens if the action does not affect title to, or the right to possession of, the property described in the notice. Calif. Code Civ.Proc. § 409.1. Our inquiry is whether plaintiff's action affects title or right to possession of the hotel property. Appellee concedes that the first four causes of action (breach of contract, bad faith breach of contract, tortious interference with contract and specific performance of contract) do not affect title. It contends that the specific performance count affects the right to possession, as used in section 409.1, because "it has a right of use and access to possession of the hotel in order for it to complete its part of the joint venture agreement." It further contends that the fraudulent conveyance action affects title.

## A

We agree only with the latter contention. A fraudulent conveyance action supports a lis pendens under California law because it affects title to real property. *Ahmanson Bank and Trust v. Tepper,* 269 Cal.App.2d 333, 74 Cal.Rptr. 774 (1969). The trial court's order denying defendant's motion to expunge the lis pendens insofar as it gave notice of the fraudulent transfer cause of action therefore must be affirmed.

That cause of action affected only one defendant, Laguna Beach Resorts, Inc., however. We turn now to the notice of pendency of the other counts.

## B

As previously noted, appellee bases its lis pendens on its claimed right to "use and access to possession of the hotel." The relief it seeks, however, is limited to money damages; it does not seek a decree establishing a possessory interest in the hotel.

Specifically, it prayed for general damages of $2.8 million on the first three counts and for punitive damages of $1 million on the second and third. It prayed in the fourth count "[f]or specific performance of the written contract allowing plaintiff to complete its obligations and ordering defendants . . . to perform their obligations to convert the real property into time-share units, market those units for sale, and distribute plaintiff's share of profits to plaintiff." Thus the relief sought under even the fourth cause of action is a money judgment for profits and not a judgment granting a possessory interest in real estate.

Appellee relies on *Kendall-Brief Co. v. Superior Court,* 60 Cal.App.3d 462, 131 Cal. Rptr. 515 (1976) for the proposition that the right to possession "includes the right to have access to and to occupy such property." *Id,* at 468, 131 Cal.Rptr. 519. Appellee alleges that it had a right of access to the hotel in its performance under the contract. We believe appellee misreads *Kendall-Brief.*

That case addressed the propriety of a lis pendens regarding an action over an easement to otherwise landlocked property. Although a right-of-way easement over servient property does not affect title to the dominant property, the court held that "the right of possession of the real property definitely would be affected inasmuch as access to such property would seriously be impaired." *Id,* at 468, 131 Cal.Rptr. 519. The court thus held that a property interest in the form of an easement affected possession of the dominant property. Appellee's right to manage and develop the hotel for marketing purposes did not give it an easement or any other property interest.

This case closely parallels *Allied Eastern Financial v. Goheen Enterprises,* 265 Cal. App.2d 131, 71 Cal.Rptr. 126 (1968) wherein plaintiff agreed to secure financing for proposed improvements on defendant's land. In affirming an order expunging plaintiff's lis pendens, the court noted that the contract did not give plaintiff a lien or encumbrance on defendant's land and that money damages were sought. It concluded:

> Plaintiff's action here in no way relates to the real property and no judgment entered in it can affect that property. Thus the notice, even if permitted to remain of record, would have no legal effect but would serve only as a practical blackjack [because of title insurance company policies].

*Id.* at 134, 71 Cal.Rptr. 128.

We conclude that because appellee's first four causes of action, including the specific performance count, will not lead to a judgment affecting real property, or a possessory interest in real property, the lis pendens must be expunged under Calif.Code of Civ. Proc. § 409.1.

## C

The dissenting opinion holds that the lis pendens "is appropriate in this suit for specific performance of the agreement" because a decree of specific performance "would be a hollow right if . . . the property necessary for the specific performance belonged to a stranger from whom it could not be retrieved." While this consideration might justify injunctive relief, it does not appear to justify the recording of a lis

pendens under Calif.Code of Civ.Proc. § 409. None of the cases cited in the discussion of specific performance involve lis pendens.

### III

The order appealed is reversed and remanded for further proceedings insofar as it denies the motion to expunge the lis pendens regarding the first four causes of action. It is affirmed as to the fraudulent conveyance cause of action.

SEYMOUR J. ABRAHAMS, Bankruptcy Judge.

I respectfully dissent.

Appellee seeks specific performance of the joint venture agreement. This remedy is available under California law. A joint venturer may be compelled to carry out its obligations to the other joint venturers by a suit for specific performance. *Harms v. Reed,* 73 Cal.App.2d 853, 167 P.2d 747 (1946).

Specific performance would be a hollow right if, by the time the relief was granted, the property necessary for the specific performance was owned by a stranger from whom it could not be retrieved. The majority states that "this consideration might justify injunctive relief." Unfortunately, injunctive relief does not provide full protection. A sale to a bona fide purchaser for value, although in violation of an injunction, could prevent appellee from having the possession it needs for performance. Appellee's need for possession can only be protected by giving prospective purchasers notice through a lis pendens. For this reason, the specific performance cause of action "does affect . . . the right of possession of the real property," and the lis pendens is appropriate in this suit for specific performance of the agreement.