NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-11-1162-MkCaPa |
| EDGART F. GONZALEZ, | ) Bk. No. 08-16921-ER |
| Debtor. | ) Adv. No. 08-01756-ER |
| EDGART F. GONZALEZ, | ) |
| Appellant, | ) |
| v. | ) **MEMORANDUM**[*] |
| AURORA LOAN SERVICES LLC, | ) |
| Appellee. | ) |

Submitted without Oral Argument on
January 19, 2012, at Pasadena, California[**]

Filed - February 2, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**]This appeal was originally set for oral argument on January 19, 2012. On the eve of oral argument, Appellant advised the Panel in writing that he intended to submit his position on his brief. He then did not appear at oral argument. At the time scheduled for oral argument, Brian A. Paino of Pite Duncan, LLP appeared on behalf of Appellee Aurora Loan Services LLC, but did not argue.

1

Before:  MARKELL, CASE,[***] and PAPPAS, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Edgart F. Gonzalez ("Gonzalez") appeals the bankruptcy court's order expunging a lis pendens recorded[2] in connection with an adversary proceeding in his bankruptcy case. He also appeals the bankruptcy court's order denying his motion for reconsideration.  We AFFIRM.

## FACTS[3]

### The Wave Property

On March 21, 2006, Gonzalez obtained a loan from Homecomings

---

[***]The Honorable Charles G. Case, II, United States Bankruptcy Judge for the District of Arizona, sitting by designation.

[1]Unless specified otherwise, all "Chapter" and "Section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86, and all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101-1103.

[2]Neither party included a copy of the recorded lis pendens in its excerpts of record.  The parties also devoted significant portions of their briefs and their excerpts of record to issues we have previously disposed of.  Accordingly, we have exercised our discretion to independently review the bankruptcy court's electronic docket, and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3]In one of Gonzalez's previous appeals, we issued a memorandum decision that contains a more extensive discussion of the facts relating to Gonzalez's bankruptcy case and the adversary proceeding from which this appeal arises. Gonzalez v. HSBC USA Nat'l Ass'n, No. CC-10-1054 (9th Cir. BAP Oct. 20, 2010).  We include here only those facts which directly pertain to the issues properly before this Panel.

2

Financial ("Homecomings"), secured by a first deed of trust against real property located in Laguna Beach, CA (the "Wave Property"). Homecomings Financial Network, Inc. ("Homecomings") was the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary under the deed of trust.

## The Bankruptcy Case

Acting pro se,[4] Gonzalez filed a Chapter 7 bankruptcy petition on May 19, 2008. He listed an ownership interest in the Wave Property on his schedule A. On July 22, 2008, Aurora Loan Services LLC ("Aurora"), as servicing agent for MERS, moved for relief from stay as to the Wave Property. After a hearing, the bankruptcy court granted the motion. Gonzalez attempted to appeal that relief from stay order to this Panel. The Panel dismissed that untimely appeal for lack of jurisdiction. Order Dismissing Appeal for Lack of Jurisdiction, Gonzalez v. Aurora Loan Services, No. CC-10-1079 (9th Cir. BAP May 13, 2010). Gonzalez's attempted appeal of that order to the Ninth Circuit was also untimely and dismissed for lack of jurisdiction. Order, Gonzalez v. Aurora Loan Services, No. 11-60034 (9th Cir. June 29, 2011).

## The Adversary Proceeding

Still acting pro se[5], Gonzalez filed a verified complaint (the "Verified Complaint") on September 16, 2008. In the Verified Complaint Gonzalez objected to secured claims against

---

[4]Jerome Edelman ("Edelman") substituted in as counsel in the bankruptcy case on July 24, 2008.

[5]Edelman did not substitute in as counsel in the adversary proceeding until April 2, 2009.

3

various lenders, including Aurora; Gonzalez also asserted a variety of claims, including (1) misrepresentation, (2) breach of contract, (3) violation of California law, (4-5) failure to timely provide the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, disclosure statements and notices of right to rescind, (6) failure to disclose broker fees as finance charges, (7) failure to disclose appraisal fees as finance charges, (8) unreasonable and non-bona fide document preparation charges, (9-10) unreasonable and non-bona fide recording and title charges, (11-12) lenders inaccurate material disclosures, (13) failure to honor debtor's rescission notice, (14-17) fraud for standing and/or subject-matter jurisdiction on: relief from the automatic stay, the foreclosure, the trustee sale, and the eviction proceedings, and (18) preclusion of trustee sale.

Among the relief sought in the Verified Complaint was:

-a declaration "that the plaintiff has validly rescinded the transactions, that the defendant's security interests are therefore void and the defendant's secured claims are disallowed";

-a declaration "that the defendant's failure to honor the plaintiff's valid rescission notice in accordance with the dictates of 15 U.S.C. § 1635 and California Law vests in the plaintiff the right to retain the net loan proceeds and that the defendants have no allowable unsecured claims";

-"an order discharging the defendant's second deeds of trust";

-"an order requiring the defendants to refund to the plaintiff all money paid to the defendants in connection with the

4

transactions";

-damages and reasonable attorney's fees and costs; and

-cancellation of judgments against the properties and any action for any relief, foreclosure, sale, or eviction. Verified Compl. ¶ 125.

On January 21, 2009, Gonzalez filed a first amended verified complaint (the "Amended Complaint"). In the Amended Complaint, Gonzalez objected to secured claims, reasserted his previous causes of action, and prayed for relief similar to that requested in the first complaint.[6]

Aurora moved to dismiss the adversary proceeding,[7] challenging Gonzalez's standing, the bankruptcy court's subject-matter jurisdiction, the sufficiency of Gonzalez's claims under Civil Rule 12(b)(6), and the adequacy of service of process. After a hearing, the bankruptcy court granted Aurora's motion, concluding that dismissal was warranted for insufficient service of process, and that even if Gonzalez had properly served the defendants, dismissal was appropriate for failure to state a claim upon which relief could be granted.

Gonzalez timely appealed the bankruptcy court's orders of dismissal as to all defendants. We affirmed. Gonzalez v. HSBC USA Nat'l Ass'n, No. CC-10-1054 (9th Cir. BAP Oct. 20, 2010).

---

[6]In particular, the relief sought in Amended Complaint included a request that the bankruptcy court "refer th[e] matter for changes in the rules of civil procedure." Amended Compl. ¶ 125.

[7]Other defendants also moved to dismiss Gonzalez's complaint, and the bankruptcy court eventually dismissed the adversary proceeding as against all defendants.

This Panel also denied Gonzalez's motion for rehearing.  Order Denying Motion for Reconsideration and Request for Judicial Notice, <u>Gonzalez v. HSBC USA Nat'l Ass'n</u>, No. CC-10-1054 (9th Cir. BAP Nov. 9, 2010).  Gonzalez has since appealed the Panel's decision to affirm the bankruptcy court's order of dismissal to the Ninth Circuit.  <u>Gonzalez v. HSBC USA Nat'l Ass'n</u>, No. 11-60027.  That appeal is still pending.

### The Lis Pendens

On June 23, 2009, Gonzalez filed a "Request for Hearing, Notice of Motion and Motion to Sign Court Aproval [sic] for Lis Pendens Filing on Real Estate Properties" (the "Lis Pendens Motion").  The bankruptcy court granted the Lis Pendens Motion in part, and denied it, in part.  In the order, the bankruptcy court instructed Gonzalez to re-lodge notices of pendency of action, naming only those defendants as to which the bankruptcy court had not already dismissed Gonzalez's complaint.[8]

On September 18, 2009, Gonzalez re-filed a notice of pendency of action, naming EMC Mortgage, Home Capital Funding, First American Loan, Quality Loan, and MERS as defendants in the pending adversary proceeding.  The bankruptcy court approved the

---

[8]As of the date of the Lis Pendens Motion, the bankruptcy court had dismissed the adversary proceeding as against U.S. Bancorp, HSBC Bank USA National Association, Wells Fargo Home Mortgage, Aurora, National City Bank, Residential Services Validation Publications, Homecomings Financial, Mandalay Mortgage LLC, and ETS LLC.  The only remaining defendants were EMC Mortgage Corporation ("EMC Mortgage"), Home Capital Funding ("Home Capital"), First American Title Insurance Company – First American Loanstar Trustee Services ("First American"), National City, Quality Loan Service Corporation ("Quality Loan"), and MERS.  The adversary proceeding was subsequently dismissed as to these remaining defendants.

6

notice for recordation on September 29, 2009. The notice was recorded against the Wave Property on October 6, 2009 (the "Lis Pendens").

On January 14, 2011, Aurora moved to expunge the Lis Pendens. Gonzalez opposed the motion, seeking mostly to resurrect the claims he asserted in the Amended Complaint. The bankruptcy court heard Aurora's motion on March 1, 2011.

As he had in his opposition, Gonzalez made numerous arguments at the hearing, arguments which the bankruptcy court and this Panel have previously rejected. He argued that established law required a party seeking foreclosure to be the holder of the corresponding promissory note. He contended the chain of title upon which the defendants based their claims against, or interests in, the subject properties was defective. He also raised the same issues of standing, subject matter jurisdiction, fraud, and TILA violations that he had already presented in his complaints.

At the conclusion of the hearing, the bankruptcy court rejected Gonzalez's arguments and adopted its tentative ruling:

> In the instant case, there is a pending appeal before the Ninth Circuit. Notwithstanding, not only has Debtor lost before this Court, the BAP has affirmed this Court's decisions. Moreover, this Court has not been presented with any arguments not already presented by Debtor which would lead it to conclude that the Ninth Circuit will reverse the BAP and this Court. Consequently, based on Mix, the Court grants the Motion and expunges the lis pendens recorded against the Property.

Bk. Dkt. No. 278. The bankruptcy court entered the order expunging the Lis Pendens on March 16, 2011.

Gonzalez moved for reconsideration (the "Motion for Reconsideration") of order expunging the Lis Pendens under Civil

7

Rule 60(b). In the motion, Gonzalez again presented the same arguments as before, challenging the bankruptcy court's subject matter jurisdiction, raising issues of standing, reasserting his various TILA claims, reiterating the supposed California law that requires the party seeking foreclosure against a property to be the holder of the corresponding promissory note, and praying that the bankruptcy court "overrule the dismissal of the amended complaint against all defendants." Pl.'s Mot. for Reconsideration at 25. In short, Gonzalez's Motion for Reconsideration did not introduce anything he had not already attempted to litigate.

Treating Gonzalez's Motion for Reconsideration as one to alter or amend judgment under Civil Rule 59(e), made applicable to adversary proceedings by Rule 9023, the bankruptcy court denied the motion. The bankruptcy court determined that reconsideration would be inappropriate, as Gonzalez had merely restated the same arguments the bankruptcy court had previously rejected, failed to establish any manifest error of fact or law, and did not offer newly discovered evidence.

Gonzalez timely appealed the bankruptcy court's order expunging the Lis Pendens and the bankruptcy court's order denying reconsideration.[9]

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C.

---

[9]The bankruptcy court entered its order expunging the Lis Pendens on March 16, 2011 and its order denying Gonzalez's motion for reconsideration on March 18, 2011. Gonzalez filed a timely notice of appeal on April 1, 2011. See Rule 8002(b).

8

§§ 1334 and 157(b)(1). We address our jurisdiction under 28 U.S.C. § 158 below.

**ISSUES**

1. Does the Panel have jurisdiction over this appeal?

2. Did the bankruptcy court err when it granted Aurora's motion to expunge the Lis Pendens?

3. Did the bankruptcy court abuse its discretion when it denied Gonzalez's Motion for Reconsideration?

**STANDARDS OF REVIEW**

When there is a question as to our jurisdiction, we are entitled to raise that issue sua sponte and address it de novo. Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687 (9th Cir. BAP 2010) (citing Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999)).

We review a bankruptcy court's order to expunge a lis pendens for abuse of discretion. Weston v. Rodriguez, 110 B.R. 452, 460 (E.D. Cal. 1989) (citations omitted), aff'd, 967 F.2d 596 (9th Cir. 1992) (unpublished table decision).

We apply the same standard of review to a bankruptcy court's ruling on a motion to alter or amend judgment. Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1077 (9th Cir. 2000).

The abuse of discretion standard has two prongs: "first, whether the court applied the correct legal standard; and second, whether the factual findings supporting the legal analysis were clearly erroneous." Veal v. Am. Home Mortg. Servicing (In re Veal), 450 B.R. 897, 915 (9th Cir. BAP 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en

9

banc)). Where a bankruptcy court has failed to apply the correct legal standard, "it has 'necessarily abuse[d] its discretion.'" Id. (citing Hinkson, 585 F.3d at 1261-63) (modifications in original). We review this prong of the analysis de novo. Id. Where a bankruptcy court has applied the correct legal standard, "the inquiry then moves to whether the factual findings made were clearly erroneous." Id. (citing Hinkson, 585 F.3d at 1262). A bankruptcy court's findings of fact are clearly erroneous if they are "'illogical, implausible, or without support in inferences that may be drawn from the record.'" Id. (citing Hinkson, 585 F.3d at 1263). See also Rule 8013.

**DISCUSSION**

**A.  The order expunging the Lis Pendens.**

**1.  Jurisdictional issues.**

Appellate courts have jurisdiction over appeals from final orders. 28 U.S.C. § 158. "A disposition is final if it contains a complete adjudication, that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir. 1990) (internal citations and quotations omitted). This standard varies slightly in bankruptcy proceedings, where a complete act of adjudication need not end the entire case, but only "end any of the interim disputes from which the appeal would lie." Id. at 307 n.1 (citations omitted). In bankruptcy cases, then, an order may be considered final if it (a) resolves and seriously affects substantive rights and (b) finally determines the discrete issue as to which the order relates. Bonham v. Compton (In re Bonham),

10

229 F.3d 750, 761 (9th Cir. 2000) (citations omitted).

On appeal, Aurora offers several arguments as to this Panel's jurisdiction over this appeal. First, Aurora contends that we lack jurisdiction because the order expunging the Lis Pendens is an interlocutory order and thus unappealable, being neither a final order nor a collateral order. Second, Aurora asserts that we lack jurisdiction because Gonzalez did not file for leave to appeal an interlocutory order. Last, Aurora asserts that Gonzalez did not comply with California's requirements for seeking review of an expungement order.

We agree with Aurora in that an order expunging a lis pendens is typically interlocutory and therefore unappealable, as it requires us to assess the merits of the underlying claim. See Orange County v. Hongkong & Shanghai Banking Corp. Ltd., 52 F.3d 821, 823 (9th Cir. 1995); Pac. Horizons, Inc. v. Erickson (In re Pac. Horizons, Inc.), 37 B.R. 653, 655 (9th Cir. BAP 1984). Here, however, the bankruptcy court's order fully determined Gonzalez's right to maintain the recorded Lis Pendens as the underlying adversary proceeding had been dismissed.

For this reason, we have jurisdiction under 28 U.S.C. § 158 to address the merits.[10]

**2.   The merits.**

Under California law, "a court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence

---

[10]Accordingly, we need not address Aurora's remaining arguments on this issue.

11

the probable validity of the real property claim." Cal. Civ. Proc. Code § 405.32. See also Cal. Civ. Proc. Code § 405.30 (claimant bears the burden of proof under section 405.32). The statute "requires the court to evaluate the merits of the underlying claim." Orange County, 52 F.3d at 824. Where a "claimant loses at trial, the lis pendens must be expunged unless the trial court is willing to find that the probabilities are that its own decision will be reversed on appeal." Mix v. Superior Ct., 124 Cal. App. 4th 987, 996 (2004).

Correctly applying California law, the bankruptcy court found that the probabilities did not weigh in favor of a reversal of its decision on appeal. Observing the law of the case, the bankruptcy court properly based its finding on its order dismissing the adversary proceeding and this Panel's decision to affirm that order.

On appeal, Gonzalez nonetheless argues that he established the probable validity of a real property claim as required by California law. We disagree.

As was the bankruptcy court, we are bound by the law of the case. See Minidoka Irrigation Dist. v. Dep't of Interior, 406 F.3d 567, 573 (9th Cir. 2005) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (internal citations and quotations omitted).[11]

---

[11]There are three exceptions to the law of the case doctrine: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or

(continued...)

12

Given that we have affirmed the bankruptcy court's dismissal of the adversary proceeding in which Gonzalez asserted claims relating to the Wave Property, we are neither in a position to revisit our previous decision nor to disturb the bankruptcy court's findings here. Thus, we may not reassess the viability of Gonzalez's claims, an issue as to which he must have established a probable validity in order to prevail on Aurora's motion to expunge the Lis Pendens, because the bankruptcy court and this Panel have already determined that he has no claims.

We also note that the bankruptcy court's dismissal of the adversary proceeding alone would have rendered the Lis Pendens ineffective. See 3 Witkin, Cal. Proc. 5th, Actions, § 388[7] (2010) ("The lis pendens is incidental to the action in which it is filed . . . ."). The Lis Pendens referenced the adversary proceeding which named EMC Mortgage, Home Capital Funding, First American Loan, Quality Loan, and MERS as defendants. The bankruptcy court dismissed the adversary proceeding not only as to those defendants, but as to all defendants. Upon dismissal of the adversary proceeding, then, there was no underlying action as to which the Lis Pendens could relate.

---

[11](...continued)
(3) substantially different evidence was adduced at a subsequent trial." Minidoka Irrigation Dist., 406 F.3d at 573 (internal citations and quotations omitted). Gonzalez has waived the argument that any of these exceptions apply, as the record does not show that he properly raised any such argument before the bankruptcy court. See Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 919 (9th Cir. BAP 2011) (citing Golden v. Chicago Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002); Branam v. Crowder (In re Branam), 226 B.R. 45, 55 (9th Cir. BAP 1998), aff'd, 205 F.3d 1350 (unpublished table decision) (9th Cir. 1999)).

For these reasons, we conclude that the bankruptcy court properly granted Aurora's motion to expunge the Lis Pendens. The bankruptcy court applied the correct legal standard and its findings of fact were not illogical, implausible, or without support from the record.

**B.    The order denying the motion for reconsideration.**

    **1.    The bankruptcy court applied the correct legal standard.**

The Civil Rules do not "recognize a motion for reconsideration." Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (9th Cir. BAP 2004), aff'd, 182 Fed. App'x 708 (9th Cir. 2006); In re Walker, 332 B.R. 820, 826 (Bankr. D. Nev. 2005). The Civil Rules, however, offer two options to a party seeking post-judgment relief: a motion to alter or amend judgment under Civil Rule 59(e), applicable to bankruptcy proceedings by Rule 9023; and a motion for relief from judgment under Civil Rule 60, applicable to bankruptcy proceedings by Rule 9024. Walker, 332 B.R. at 826.

Where a party files a "motion for reconsideration" within fourteen[12] days of the entry of judgment, the motion "is treated as a motion to alter or amend judgment under [Civil Rule]

---

[12]Civil Rule 59(e) applies to bankruptcy proceedings pursuant to Rule 9023. Rule 9023 was amended in 2009, extending the time period for a motion to alter or amend judgment from ten days to fourteen days. See Rule 9023 advisory committee's note. See also 10 Collier on Bankruptcy ¶ 9023.RH[2] (Henry J. Sommer & Alan N. Resnick, eds., 16th ed. 2011) ("Rule 9023 was amended to provide for a 14-day deadline for motions for a new trial, motions to alter or amend a judgment, and for sua sponte action by a bankruptcy court.").

14

59(e)." Am. Ironworks & Erectors, Inc. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citing United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)). See also Walker, 332 B.R. at 826. A party may not use a motion for reconsideration as a vehicle "to present a new legal theory for the first time"; "to raise legal arguments which could have been raised in connection with the original motion"; or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 103 (9th Cir. BAP 2006), aff'd and remanded, 277 Fed. App'x 718 (9th Cir. 2008). "The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court." Id.

A court may grant a motion to alter or amend judgment under Civil Rule 59(e) where the moving party has established "(1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence." Hale v. U.S. Trustee (In re Basham), 208 B.R. 926, 934 (9th Cir. BAP 1997), aff'd, 152 F.3d 924 (9th Cir. 1998).

Here, Gonzalez filed the Motion for Reconsideration within fourteen days of the bankruptcy court's order expunging the Lis Pendens. Accordingly, we conclude that the bankruptcy court properly treated Gonzalez's motion as one to alter or amend judgment under Civil Rule 59(e), to be granted only upon a showing of any of the grounds discussed above.

//

//

15

**2. The bankruptcy court's findings of fact were not illogical, implausible, or without support from the record.**

The bankruptcy court found that Gonzalez failed to establish any of the grounds warranting relief under Civil Rule 59(e). We agree.

While Gonzalez wishes to resurrect the claims he asserted in his complaints however possible, a motion for reconsideration is not the proper means to that end. The record is replete with examples of Gonzalez's efforts to relitigate issues already disposed of by the bankruptcy court and this Panel. But it is devoid of any showing justifying relief under Civil Rule 59(e).

In his Motion for Reconsideration, Gonzalez merely rehashed the same arguments he reiterated in the proceedings leading up to this appeal. He challenged the bankruptcy court's subject matter jurisdiction, raised issues of standing, reasserted his various TILA claims, argued that California law required the corresponding promissory note in order for a party to proceed with foreclosure against a property, and prayed that the bankruptcy court "overrule the dismissal of the amended complaint against all defendants." Pl.'s Mot. for Reconsideration at 25.

This, however, does not justify relief under Civil Rule 59(e), nor does it qualify Gonzalez's filing as a proper motion for reconsideration. See JSJF Corp., 344 B.R. at 103. For this reason, we conclude that the bankruptcy court did not abuse its discretion when it denied Gonzalez's Motion for Reconsideration.

16

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order expunging the Lis Pendens and the bankruptcy court's order denying Gonzalez's Motion for Reconsideration.